ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 MAR 26  PM 3:45

DEPUTY CLERK_____

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL NO. |
| LARRY GALLEGOS | 3-15CR0119-M |

## PLEA AGREEMENT

Larry Gallegos, ("Defendant"), Charles Bleil, ("Defendant's attorney"), and the United States of America ("Government"), agree as follows:

1. **Rights of the Defendant:** Gallegos understands that he has the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty:** Gallegos waives these rights and pleads guilty to the offense alleged in Count One of the Information charging a violation of 18 U.S.C. § 3, Accessory After the Fact to a Removal of Goods from a Bonded Warehouse. Gallegos understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. <u>Sentence:</u> The maximum penalties the Court can impose for Count One include:

    a. imprisonment for a period of not more than 1 year;

    b. a fine not to exceed $125,000 or twice any pecuniary gain to Gallegos or loss to the victims;

    c. a term of supervised release of not more than one year, which may follow any term of imprisonment. If Gallegos violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $25;

    e. restitution to victims or to the community, which may be mandatory under the law, and which Gallegos agrees will include restitution arising from all relevant conduct, not just related to the offense of conviction alone; and

    f. costs of incarceration and supervision.

4. <u>Court's Sentencing Discretion and Role of the Guidelines:</u> Gallegos understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Gallegos has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Gallegos understands that he will not be allowed to withdraw his plea if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Gallegos will not be allowed to withdraw his plea if his sentence is higher than expected. Gallegos fully understands that

the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court.

5. <u>Mandatory special assessment</u>: Gallegos agrees to pay to the U.S. District Clerk the amount of $25, in satisfaction of the mandatory special assessment in this case.

6. <u>Restitution:</u> Gallegos agrees to pay restitution for all relevant conduct, currently calculated as $24,000, to the victim in this case, Fossil Watches, Inc.

7. <u>Defendant's Agreement</u>: Gallegos shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Gallegos shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Gallegos expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Gallegos fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Gallegos agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Gallegos' full and immediately enforceable financial obligation. Gallegos understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8. <u>Government's Agreement</u>: The Government will not bring any additional charges against Gallegos based upon the conduct underlying and related to Gallegos' plea of guilty. The Government will dismiss, after sentencing, any remaining charges in the pending Information. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Gallegos or any property.

9. <u>Violation of Agreement</u>: Gallegos understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Gallegos and others for all offenses of which it has knowledge. In such event, Gallegos waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Gallegos also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. <u>Voluntary Plea</u>: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. <u>Waiver of Right to Appeal or Otherwise Challenge or Seek Reduction in Sentence</u>: Gallegos waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Gallegos reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. <u>Representation of Counsel</u>: Gallegos has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Gallegos has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Gallegos has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[Nothing further on this page.]

13. <u>Entirety of Agreement</u>: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 26 day of March, 2015.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

_____
JENNIFER TOURJE
Deputy Criminal Chief

_____
NICOLE DANA
Special Assistant United States Attorney
Texas State Bar No. 24062268
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8694
Fax: 214-659-8805
Email: nicole.dana@usdoj.gov

_____
LARRY GALLEGOS
Defendant

_____
CHARLES BLEIL
Attorney for Defendant

Plea Agreement - Page 6

## CERTIFICATION

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     3-25-15
LARRY GALLEGOS                              Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     3-25-15
CHARLES BLEIL                              Date
Attorney for Defendant